The opinion of the Court was delivered by
Wardlaw, J.
The Act of 1825, (9 Stat. 558,) which undertook to codify the statute law of the State, concerning Commissioners of Roads, by its fifth and other sections, gave to each Board of Commissioners full discretionary power to employ the labor of the inhabitants liable to road duty in the particular place, upon any bridge there situate wholly within the territorial limits of such Board. The first clause of the l?th section, in conferring expressly the power to make assessments for building bridges within the limits of a Board, uses no word which abridges the discretion to employ labor, either in lieu of an assessment or in addition to it: but the latter clause of the section, in reference to the building or repairing of a bridge over a river or creek, which forms the line between the territories subject to two general Boards, by adding the imperative word “ required” to the word “ authorized,” which alone had been employed m the for *243 mer clause, shows that the mode by assessment therein provided for such line bridge was intended to be exclusive.
Various reasons might have suggested this enactment, and might now be given to support the construction we have adopted. Without a meeting of the two Boards, and their concurrence as to the place and plan of a bridge, neither could be sure that any labor it might apply to the part of the bridge within its limits, would be usefully effective. With such concurrence and a further agreement as to the time of working, there might be, if a discretion to employ labor was allowed, great inequality of the burdens upon the two : the larger and more wealthy district or parish, which more needed and desired the bridge, might have the smaller number of hands within the prescribed distance from it; the bridge either in its original construction or in the course of repairs, might be good as to one half, and deficient as to the other: disagreements might arise : and it might be in doubt who should be looked to and be held responsible when the public interests suffered. The mode which the statute provides, is precise and certain : occasionally it may happen that under it taxation is resorted to when labor would serve, but thereby the burden is thrown upon a greater number, and better apportioned according to their ability to bear it; and by suitable contracts or a reasonable provision of a contingent fund, the continual sufficiency of a bridge may be secured: for neglect of duty both boards would be liable, if both were delinquent, or the recusant one only might be so, if it refused to accede to the lawful proposition of the other.
It appears to us that the directions of the statute upon the matter in hand are imperative, and that there are good reasons why they were made so.
The motion is dismissed.
Evans, Frost, Withers and Whitner, JJ. concurred.